I fully concur in the majority's analysis and disposition of appellant's first, second fourth, and fifth assignments of error. I further concur in the majority's disposition of appellant's third assignment of error. Unlike the majority, I do not find the testimony concerning appellant's failure to support his son is admissible substantive evidence of guilt under Evid.R. 404(B) or R.C. 2945.59 as showing appellant's motive. Furthermore, although appellee and the majority also assert this evidence was properly admitted to rebut appellant's claim he was a caring and supportive father (Appellee's Brief at 22 and Majority Opinion at 11), neither reference where in the record appellant made such a claim. I note this evidence was offered in the state's case-in-chief. Unless appellant had solicited testimony demonstrating his care and support of Zontius prior to the admission of Alvina Harris' testimony, her testimony would not have been admissible, as impeachment evidence, at this juncture of the trial. Nevertheless, even if the evidence was erroneously admitted for impeachment purposes, I would find such error harmless under Evid.R. 103(A).
JUDGE WILLIAM B. HOFFMAN